**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
AVERY M. RIGGSBEE,              )
                                )
            Plaintiff,          )
                                )
    v.                          )       1:16CV444
                                )
W. BAIN JONES, JR., et al.,     )
                                )
            Defendants.         )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff submitted unsigned filings (Docket Entries 1, 2), which the Court (per the undersigned United States Magistrate Judge via Order dated June 2, 2016) treated as a procedurally deficient complaint and application for pauper status (see Docket Entry 3). That Order directed Plaintiff to submit proper documents by June 23, 2016 (see id. at 2), but Plaintiff neither did so nor paid the filing fee (see Docket Entries dated June 2, 2016, to present).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). As a result, the Court should dismiss this action.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked

lightly." Id. Generally, before dismissing a case for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, no reason exists to doubt that Plaintiff bears responsibility for this non-compliance; Plaintiff's failure to comply has stalled this litigation before service of process, thereby prejudicing Defendants' right to timely notice of the claim(s) against them, as well as the opportunity to develop a defense while memories remain fresh and before other evidence disappears or becomes more difficult to gather; the Court gave Plaintiff sufficient time to comply and significantly more time now has passed without compliance by Plaintiff; and no other sanction appears adequate.[1]

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action under Federal Rule of Civil Procedure 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 14, 2017

---

[1] As to that final consideration, the Court explicitly cautioned Plaintiff that non-compliance would lead to dismissal. (See Docket Entry 3 at 2.) "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.